# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* ) <br> ) <br> HEATHCOTE HOLDINGS CORP, INC., ) <br> An Illinois Corporation, Relator ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> LEARNING CURVE BRANDS, INC., and RC2 ) <br> CORPORATION ) <br> ) <br> DEFENDANTS. ) | Civil Action No. 10-7799 <br><br> Judge Kendall |

## AGREED MOTION FOR ENTRY OF "AGREED FINAL JUDGMENT"

NOW COMES Relator, HEATHCOTE HOLDINGS CORP., INC., ("HEATHCOTE"), by its attorneys, and DEFENDANTS LEARNING CURVE BRANDS, INC., and RC2 CORPORATION ( "DEFENDANTS"), and move this Honorable Court to enter an "Agreed Final Judgment" and in support of this motion state the following:

1. This is a *qui tam* action on behalf of the public for false patent marking pursuant to 35 U.S.C. § 292.

2. On December 8, 2010, Heathcote filed a *qui tam* action against Defendants in the United States District Court for the Northern District of Illinois, *United States ex rel. Heathcote Holdings Corp., Inc. v. Learning Curve Brand, Inc. et al.*, 10-cv-7799 (the "Action"). In the Action, Heathcote alleges a claim for false marking under 35 U.S.C. §292(b) and seeks damages on its own behalf and on behalf of the United States. The Action alleges that certain products identified in the Complaint are falsely marked because the products' packaging includes a reference to United States Patent No. 6,648,237. Heathcote also claims that additional products not identified in the Complaint have been falsely marked because the products' packaging includes a reference to United States Patent No. 6,648,237. The products in question are both

toy vehicles (including, but not limited to, trains, cars, boats, helicopters and boats) and "destinations" (including, but not limited to, playsets, building structures, risers and road).

3. Heathcote, with the consent of Defendants, filed an Amended Complaint in the Action on April 5, 2011. The Amended Complaint alleges that a sippy cup is mismarked with United States Patent Number 7,178,68 when the product is allegedly covered by United States Patent Number 7,178,685.

4. Defendants deny that they have falsely marked any products with United States Patent No. 6,648,237 or United States Patent Number 7,178,68 and do not concede that 35 U.S.C. § 292 is constitutional as currently codified.

5. The parties mutually desire to compromise and settle all claims which were or could have been brought in the Action. Accordingly, Heathcote, on behalf of itself and the United States, on one hand, and Defendants, on the other, have entered into a written Settlement Agreement and Release to fully resolve the claims contained within the Amended Complaint. A list of products that are sold in packaging that is currently believed to contain a reference to United States Patent No. 6,648,237 or that is currently believed to contain a reference to United States Patent Number 7,178,68 is provided as Exhibit A to the Settlement Agreement. The products contained on Exhibit A, as well as any other products labeled and/or marked with United States Patent No. 6,648,237 or United States Patent Number 7,178,68, and the conduct and decisions relating to the labeling and/or marking of such products, shall be referred to herein as the "Covered Conduct." A copy of the Settlement Agreement and Release with its attachments (including Exhibit A) is attached hereto as <u>Exhibit 1</u>.

6. The Parties have submitted a copy of the Settlement Agreement to John Fargo, the Director of Intellectual Property Staff at the U.S. Department of Justice for his review. The

130082629v1 0918858 57483

Parties agreed that the Settlement Agreement would not be signed by the parties until after Mr. Fargo had communicated the U.S. government's review and non-objection to this Agreement or the Parties had waived such condition. Mr. Fargo communicated the U.S. government's review and non-objection on April 1, 2011. See Exhibit 2.

7. In consideration of the release of the pending claims, and in order to settle the false marking claims related to both United States Patent No. 6,648,237 and United States Patent Number 7,178,68, Defendants agreed to pay the sum of eighty-five thousand dollars ($85,000) to be divided equally between Heathcote and the United States. In return, Heathcote, together with its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, successors in interest, and assigns, agreed to completely release and forever discharge Defendants from any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether known or unknown, whether based on a tort, contract or any other theory of recovery, against Defendants based upon the Covered Conduct. For avoidance of doubt, the Covered Conduct and scope of the release by Heathcote is intended to include any and all Section 292 liability related to the marking of United States Patent No. 6,648,237 and any and all Section 292 liability related to the marking of United States Patent Number 7,178,68 on any product, product packaging, marketing or advertising (whether in print or posted on-line or otherwise) by Defendants.

8. The above described settlement is an arms length transaction that was made after weeks of negotiations (which included the confidential exchange of sales figures for the subject toy vehicles and destinations as well as for the sippy cup).

130082629v1 0918858 57483

9. The Settlement Agreement is contingent upon the entry of an Agreed Final Judgment. A copy of the proposed Agreed Final Judgment (which contains substantively the language set forth in subparagraphs 1-7 of paragraph 9 of this Agreed Motion) is attached hereto as Exhibit 3. Further, the Department of Justice has consented to the entry of this judgment and has approved the language contained within Agreed Final Judgment. See Exhibit 2.

9. Accordingly, in light of the above, facts, the parties respectfully request that this Honorable Court enter a Final Judgment in this case, disposing with prejudice all claims that have been or could have been asserted by any party, along with language which states the following:

    1. The Court hereby HOLDS and ORDERS that plaintiff [HEATHCOTE] presently has the standing to act on behalf of the United States and the general public pursuant to 35 U.S.C. § 292.

    2. The Court hereby HOLDS and ORDERS that plaintiff [HEATHCOTE] presently has a valid statutory assignment of the rights of the United States to pursue the claims in this suit.

    3. The Court hereby HOLDS and ORDERS that this Agreed Final Judgment does not preclude Defendants [LEARNING CURVE BRANDS, INC., and RC2 CORPORATION] in any other litigation from asserting that 35 U.S.C. § 292 is unconstitutional or from asserting that plaintiffs in any other litigations lack standing to assert a claim pursuant to 35 U.S.C. § 292 on behalf of the United States and the general public.

    4. The Court hereby HOLDS and ORDERS that the parties' Settlement Agreement that was attached as Exhibit 1 to the Motion for Entry of Agreed Final Judgment is approved by the Court.

    5. The Court hereby HOLDS and ORDERS that any and all claims by Relator [HEATHCOTE], on behalf of itself and of the United States and the general public, regarding Defendants' alleged violations of 35 U.S.C. § 292 based on Defendants' marking of any toy vehicle, play set or other product (or product

4

130082629v1 0918858 57483

packaging, marketing or advertising) with U.S. Patent Number 6,648,237 or Defendants marking of any cup or other product (or product packaging, marketing or advertising) with U.S. Patent Number 7,178,68 , are fully resolved and hereby dismissed with prejudice.

6. The Court hereby HOLDS and ORDERS that any future litigation alleging violations of 35 U.S.C. § 292 or any other statute related to false marking or false advertising with regard to any past or existing product (or product packaging, marketing or advertising) covered by this Final Judgment that has been manufactured or sold by defendant prior to the date of this Judgment is barred.

7. The Court hereby HOLDS and ORDERS that Defendant and those acting in concert therewith and/or selling products manufactured or distributed by defendant may sell inventory marked with U.S. Patent Number 6,648,237 or U.S. Patent Number 7,178,68 that has been manufactured on or before the date of this order without further liability and may sell inventory in packaging marked with U.S. Patent Number 6,648,237 or U.S. Patent Number 7,178,68 that has been manufactured on or before the date of this order without further liability.

WHEREFORE, for the reasons set forth above, Relator HEATHCOTE HOLDINGS CORP., INC., and DEFENDANTS LEARNING CURVE BRANDS, INC., and RC2 CORPORATION, respectfully request that this Honorable Court enter the Agreed Final Order which is attached hereto as Exhibit 3.

Respectfully submitted,

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| HEATHCOTE HOLDINGS CORP, INC. | DEFENDANTS LEARNING CURVE BRANDS, INC., and RC2 CORPORATION |
| James C. Vlahakis<br>HINSHAW & CULBERTSON, LLP<br>222 N. LaSalle Street, Suite 300<br>Chicago, Illinois  60601<br>Telephone:  (312) 704-3715<br>FAX: (312)704-3001<br>jvlahakis@hinshawlaw.com | Lisa A. Schneider<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, Illinois 60603<br>312.853.7000<br>312.853.7036 Fax<br>lschneider@sidley.com |

## **CERTIFICATE OF FILING**

I hereby certify that on April 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.


Respectfully submitted,

By:  /s/ James Vlahakis

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
jvlahakis@hinshalaw.com

130082629v1 0918858 57483